UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MADDELIN C.,

        *Plaintiff*,

   v.

COMMISSIONER OF SOCIAL SECURITY,


        *Defendant*.

No. 24-cv-5286 (MEF)


**OPINION and ORDER**

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*    \*    \*

A woman applied for disability benefits. See Complaint (ECF 1) ¶ 4.

After her application was denied, she asked for an administrative law judge ("ALJ") to review her claim. See id. ¶ 8.

The ALJ concluded the woman was not eligible for benefits --- and the Appeals Council affirmed. See id.

The Plaintiff then sought review in this Court, which reversed and remanded for further proceedings. See Custodio v. Saul, 2021 WL 2070595, at *7 (D.N.J. May 21, 2021).

On remand, a different ALJ again denied the woman's claim.[1] See Complaint ¶ 8.

---

[1] The ALJ's 10-page decision is at Maddelin C. (S.S.A. A.L.J. Jan. 11, 2024). It can be found beginning at page 517 of the administrative record.

This lawsuit followed.

From here, the woman is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."

\*    \*    \*

The Plaintiff points to two asserted errors in the ALJ's decision.

\*    \*    \*

First, the Plaintiff argues that the Defendant did not comply with this Court's remand order.  See Plaintiff's Moving Brief (ECF 8) at 8-18; see generally Sullivan v. Hudson, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.").

But the Defendant's prior decision was reversed because it "did not even discuss or even refer to" the Plaintiff's obesity "at any step in the sequential evaluation." Custodio, 2021 WL 2070595, at \*6.

And the decision under review here, the one issued after the remand order, does directly addresses obesity.

At step two of the required five-step analysis, the ALJ wrote:

> The potential impact of obesity has also been considered in possibly causing or contributing to co-existing impairments as required by Social Security Ruling 19-2p.  There is no evidence, however, of any specific or quantifiable impact on pulmonary, musculoskeletal, endocrine or cardiac functioning.  Nor has obesity caused more than minimal limitation in ability to perform basic work activities. The claimant's obesity, therefore, is not a severe impairment.

Maddelin C., Administrative Record at 15.

In addition, the ALJ considered the Plaintiff's obesity just before reaching step four of the analysis, as part of his assessment of the Plaintiff's residual functional capacity.  See Maddelin C., at 518.

But this was not enough, the Plaintiff seems to argue.  Her papers suggest the ALJ should have written more about the

potential impact of the Plaintiff's obesity on her other ailments.  See Plaintiff's Opening Brief at 16–18.

But "the ALJ [is not required] to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); see also Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009); Ochs v. Comm'r of Soc. Sec., 187 F. App'x 186, 189 (3d Cir. 2006); Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 959 (3d Cir. 2006).

Another issue.

An error can generally be a basis for undoing an ALJ's decision only if it "was harmful."  See Shinseki v. Sanders, 556 U.S. 396, 410 (2009); Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 766 (3d Cir. 2016) (applying Shinseki to Social Security appeal); Taylor v. Comm'r of Soc. Sec., 826 F. App'x 224, 226 (3d Cir. 2020) (same); R.Z. v. Comm'r of Soc. Sec., 2025 WL 1823104, at *2 (D.N.J. July 2, 2025) (same).

"This requires that [the] Plaintiff . . . show that, but for the error, [s]he might have proven [her] disability."  V.G. v. Comm'r of Soc. Sec., 2025 WL 1936903, at *2 (D.N.J. July 15, 2025).

The Plaintiff has not explained how fuller consideration of her obesity might have changed the ALJ's bottom-line decision.

*     *     *

Second, the Plaintiff argues that the Defendant's assessment of the Plaintiff's residual functional capacity was not supported by substantial evidence.

The ALJ concluded that the Plaintiff had the "residual functional capacity to perform light work as defined in 20 CFR 404.157(b) and 416.967(b)" --- subject to several exceptions.[2] See Maddelin C., Administrative Record at 516.

---

[2]  Specifically, the ALJ concluded the Plaintiff "can never climb ropes, ladders, or scaffolds; never be exposed to unprotected heights or hazardous machinery; occasionally climb stairs and ramps; never crawl; occasionally kneel; occasionally stoop and crouch; frequent reaching; and frequently balance."  Maddelin C., Administrative Record at 516.

3

Per the ALJ, that conclusion was based on consideration of "all symptoms" as well as pertinent "opinion evidence." See id. at 517.

He concluded the exceptions were warranted because of, among other things, MRI and examination records showing back issues. See id. at 517.

The ALJ recognized that a 2014 medical report issued by a Dr. Noriega could support a different residual functional capacity assessment. But the ALJ concluded the report was not persuasive because it was at odds with both the examination Dr. Noriega did and some other evidence of record. See id. at 518.

All of this added up to meaningful consideration of the medical evidence and the ALJ's ultimate conclusion was supported by "substantial evidence" --- "such relevant evidence as a reasonable mind might accept as adequate" to support the relevant determination. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (cleaned up); see generally Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014) (the reviewing district court "must not substitute [its] own judgment for that of the fact finder")

Moreover, the Plaintiff's argument fails for another reason. The Plaintiff is generally required to show that any flaws in the ALJ's residual functional capacity assessment may have been "harmful." Shinseki, 556 U.S. at 410.

But she has not attempted to do so.

*    *    *

The decision of the Commissioner is affirmed.

IT IS on this 5th day of June, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

4